**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Respondent/Plaintiff, ) <br> vs. ) <br> ) <br> FRANK EDWARD MORALES, ) <br> ) <br> Petitioner/Defendant. ) <br> ) <br> ) | Case No.: 2:09-cr-00261-GMN-RJJ-1 <br><br> **ORDER** |

Pending before the Court is Petitioner Frank Edward Morales's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("2255 Motion"), (ECF Nos. 105, 108). The Government filed a Response, (ECF No. 111), and Petitioner filed a Reply, (ECF No. 114).

Also pending before the Court is Petitioner's Motion to Stay, (ECF No. 129). The Government filed a Response, (ECF No. 131), and Petitioner filed a Reply, (ECF No. 133). For the reasons discussed below, the Court **DENIES** Petitioner's 2255 Motion, and **DENIES** Petitioner's Motion to Stay.

**I.     BACKGROUND**

On December 23, 2009, Petitioner pleaded guilty to Counts One, Two, and Three of the Superseding Indictment: (1) Conspiracy to Interfere with Commerce by Robbery ("Hobbs Act Conspiracy"), in violation of 18 U.S.C. § 1951; (2) Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (d); and (3) Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c). (Mins. Proceedings, ECF No. 46); (J., ECF No. 84). Count Three of the Superseding Indictment specifically provides that:

> On or about June 16, 2009, in the State and Federal District of Nevada, FRANK EDWARD MORALES . . . did knowingly carry a revolver, . . . during and in

> relation to crime[s] of violence, . . .and did knowingly possess and brandish said firearm in furtherance of . . . said crimes of violence, namely, violations of Title 18, United States Code, Section 1951(a), Conspiracy to Interfere with Commerce by Robbery (commonly referred to as "Hobbs Act Conspiracy"), and Title 18, United States Code, Section 2113, Armed Bank Robbery, as further set forth in *Counts One and Two* of this Indictment.

(Superseding Indictment 2:20–3:7, ECF No. 33) (emphasis added).

Petitioner was sentenced to a total of 234 months' custody. (J., ECF No. 84). That total consisted of two parts: 150 months' custody as to Counts One and Two (specifically, two sentences each of 150 months to be served concurrently), and 84 months' custody for Count Three, to be served consecutively to Count One and Two's sentences. (*Id.*).

On June 20, 2016, Petitioner filed an Abridged 2255 Motion, (ECF No. 105), followed by a comprehensive 2255 Motion, (ECF No. 108), on December 20, 2016, arguing that his sentence violates due process because it is based on an unconstitutionally vague portion of 18 U.S.C. § 924(c). (2255 Mot. 6:9–13:18, ECF No. 108). Petitioner's vagueness argument relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the U.S. Supreme Court ruled that the residual clause of the Armed Career Criminal Act (ACCA) is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. Petitioner accordingly points to language in § 924(c)'s residual clause, which is identical to that of the ACCA's residual clause, for the proposition that both provisions, and any convictions and sentences arising therefrom, are invalid. (2255 Mot. 6:12–7:14).

After the ruling in *Johnson*, the Ninth Circuit issued its decision in *United States v. Blackstone*, 903 F.3d 1020, 1028–29 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 2762 (2019). As pertinent to this case, the Ninth Circuit held that *Johnson* had not been extended to sentences imposed pursuant to § 924(c). *Id.* at 1028. Consequently, a 2255 motion seeking to invalidate a § 924 conviction based on *Johnson*, would therefore be untimely. *Id.* at 1028, 1029 ("The Supreme Court may hold in the future that *Johnson* extends to sentences imposed . . . pursuant

to [§ 924(c)], but until then [the petitioner's] motion is untimely."). Roughly one month later, Petitioner filed a Motion to Stay, (ECF No. 129), his case "until the mandate issues in *Blackstone*, or until the [Supreme Court] resolves *certiorari* of *Blackstone*, whichever is later." (Mot. Stay 2:12–14, ECF No. 129). This Order now follows.

## II. **LEGAL STANDARD**

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the Court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." *Id.*; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). When a petitioner seeks relief pursuant to a right newly recognized by a decision of the United States Supreme Court, a one-year statute of limitations applies. 28 U.S.C. § 2255(f)(3). That one-year limitation begins to run from "the date on which the right asserted was initially recognized by the Supreme Court." *Id.* § 2255(f)(3).

## III. **DISCUSSION**

In his 2255 Motion, Petitioner challenges his sentence for Count Three, Brandishing a Firearm During a Crime of Violence. (*See* 2255 Mot. 10:17–18, 12:20–21:26). According to Petitioner, the sentence is based on an unconstitutionally vague provision of 18 U.S.C. § 924(c). (*Id.*).

Section 924(c) generally prohibits the use or carrying of a firearm in relation to a "crime of violence," and it imposes mandatory minimum sentences that must run consecutive to any other sentence. The statute defines "crime of violence" as

> an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). "Courts generally refer to the '(A)' clause of section 924(c)(3) as the 'force clause' and to the '(B)' clause of section 924(c)(3) as the 'residual clause.'" *United States v. Bell*, 158 F. Supp. 3d 906, 910 (N.D. Cal. 2016). Subsequent to the filing of Petitioner's 2255 Motion, the residual clause, 18 U.S.C. § 924(c)(3)(B), was struck down as unconstitutionally vague by the U.S. Supreme Court in *United States v. Davis*, 139 S. Ct. 2319, 2335–36 (2019).[1]

Here, Petitioner maintains that his conviction for Count Three, Brandishing a Firearm During a Crime of Violence, is predicated on the unconstitutionally vague residual clause, 18 U.S.C. § 924(c)(3)(B). (2255 Motion at 3:2–7, ECF No. 108). According to Petitioner, Hobbs Act Conspiracy, charged in Count One; and Armed Bank Robbery, charged in Count Two, are not "crimes of violence" by their elements under the force clause, and therefore, his § 924(c) conviction must be based on the unconstitutional residual clause. (*See id.* 12:20–21:26).

Turning first to Count One, Petitioner is correct that a § 924(c) conviction based on Hobbs Act Conspiracy should properly be vacated. Indeed, *Davis* rejected a § 924(c) conviction that was predicated on Hobbs Act Conspiracy because Hobbs Act Conspiracy can only be defined as a crime of violence under § 924(c)'s residual clause. *Davis,* 139 S. Ct. at 2325, 2336. However, Petitioner's § 924(c) conviction for brandishing a firearm during a crime of violence is not solely based on his conviction for Hobbs Act Conspiracy. Instead, as set forth in Count Three of the Superseding Indictment, Petitioner's § 924(c) conviction is also grounded in Count Two's Armed Bank Robbery charge. While Petitioner argues that Armed Bank Robbery is not a crime of violence by its elements under the force clause, and therefore, Armed Bank robbery cannot serve as the predicate offense for his § 924(c) conviction, the

---

[1] Because *Davis* recognized the right Petitioner now seeks to assert, the Court finds that Petitioner's 2255 Motion is timely. Thus, the relief requested in Petitioner's Motion to Stay is not warranted. Accordingly, Petitioner's Motion to Stay, (ECF No. 129), is **DENIED as moot**.

Ninth Circuit in *United States v. Watson*, 881 F.3d 782 (9th Cir.), *cert. denied*, 139 S. Ct. 203 (2018), found just the opposite:

> Because bank robbery "by force and violence, or by intimidation" is a crime of violence, so too is armed bank robbery. A conviction for armed bank robbery requires proof of all the elements of unarmed bank robbery. Thus, an armed bank robbery conviction under § 2113(a) and (d) cannot be based on conduct that involves less force than an unarmed bank robbery requires. For that reason, armed bank robbery under § 2113(a) and (d) qualifies as a crime of violence under § 924(c) as well.

*Id.* at 786. Following *Watson*, as it must, the Court finds Armed Bank Robbery fits the definition of "crime of violence" in § 924(c)(3). As such, the sentence imposed for Count Three, Brandishing a Firearm During a Crime of Violence under 18 U.S.C. § 924(c), does not violate due process. Petitioner is ineligible for relief on the grounds argued in his 2255 Motion. Accordingly, Petitioner's 2255 Motion, (ECF Nos. 105, 108), is **DENIED**.

Additionally, the Court will not issue a certificate of appealability, which is required for Petitioner to proceed with an appeal of this Order. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950–51 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551–52 (9th Cir. 2001). This means that Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). He bears the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 483–84.

The Court has considered the issues raised by Petitioner with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that the issues do not meet that standard. The Court therefore **DENIES** Petitioner a certificate of appealability.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, (ECF Nos. 105, 108), is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Stay, (ECF No. 129), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**DATED** this __23__ day of September, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court